IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CRISTE DICKSON AND ROSALYN  \*
BROWN,

    Plaintiffs,                                \*

   v.                                      \*       Civil Action No. 8:18-cv-02499-PX

NATIONSTAR MORTGAGE, LLC,    \*

    Defendant.                             \*

\*\*\*\*\*

## MEMORANDUM OPINION

Plaintiffs Criste Dickson and Rosalyn Brown ("Plaintiffs") have filed suit against Nationstar Mortgage, LLC, ("Nationstar"), alleging violations of the Real Estate Settlement Procedure Act ("RESPA") and breach of contract. ECF No. 1 ¶¶ 11–24; 12 U.S.C. § 2605. Now pending before the Court is Nationstar's partial motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] ECF No. 8. The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the reasons that follow, the Court GRANTS Nationstar's motion.

**I.**     **Background**

In June 2007, Plaintiffs purchased a property located at 6374 Greenfield Road, NE, Elkridge, Maryland 21075 ("Property"). ECF No. 1 ¶ 5. On or about December 2008, Defendant Nationstar became the Property's mortgage servicing company. *Id.* ¶¶ 4, 6. The loan

---

[1] Also pending is Nationstar's motion for extension of time to respond to Plaintiffs' Complaint, to which Plaintiffs consented. *See* ECF No. 6. The Court DENIES this motion as moot.

1

on the Property was a "federally related mortgage loan for the purposes of RESPA." *Id.* ¶ 13. Pursuant to the loan agreement, Nationstar was responsible for managing the mortgage escrow account and timely paying homeowners' insurance premiums and property taxes from the escrow account. *Id.* ¶ 7. Plaintiffs allege that Nationstar failed to make such timely payments, which led to a tax sale and foreclosure filing against the Property. *Id.* ¶¶ 8, 9. As a result, Plaintiffs aver that the foreclosure action has negatively impacted their credit rating and prevented Plaintiffs from refinancing the loan. *Id.* ¶ 10.

On August 15, 2018, Plaintiffs brought this action against Nationstar for breach of contract as well as violations of Sections 6(e)(1) and 6(g) of RESPA. *Id.* ¶¶ 11–24. Nationstar has moved to dismiss the alleged violation of Section 6(e)(1) of RESPA included within Count I of the Complaint. *See* ECF No. 8.

**II.     Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation omitted). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

At this stage, the Court takes as true all well-pleaded factual allegations, construed in the light most favorable to the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Harrison*

*v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999).  Bare legal conclusions couched as factual allegations will not suffice.  *See Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).  Ultimately, a complaint must "'permit the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

**III.  Analysis**

RESPA ensures "that consumers . . . are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices[.]"  12 U.S.C. § 2601(a).  To achieve this purpose, Section 6(e)(1) of RESPA imposes a duty on loan servicers to respond to consumers' "qualified written requests" ("QWR").  12 U.S.C. § 2605(e)(1); *see also Barr v. Flagstar Bank*, FSB, 303 F. Supp. 3d 400, 417 (D. Md. 2018).  A QWR consists of written correspondence from a borrower that identifies the borrower and the pertinent account, and "includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."  12 U.S.C. § 2605(e)(1)(B).

Under RESPA, the servicer of a federally related mortgage loan must acknowledge receipt of a QWR within five business days.  12 U.S.C. § 2605(e)(1)(A); 12 C.F.R. § 1024.35(d).  Within thirty business days after receiving the QWR, "the servicer must: (1) make corrections to the borrower's account; (2) after conducting an investigation, provide a written explanation stating the reasons the servicer believes the account is correct; or (3) conduct an investigation and provide the information requested by the borrower or an explanation of why the information

is unavailable." *Barr*, 303 F. Supp. 3d at 417 (citing 12 U.S.C. § 2605(e)(2)). In the event a servicer fails to comply with these requirements, RESPA permits the requester to file suit and recover actual damages arising from such failures. 12 U.S.C. § 2605(f)(1)(A); *see also Thomas v. Ocwen Loan Servicing, LLC*, No. ELH-17-218, 2017 WL 2645721, at *6 (D. Md. June 19, 2017).

Defendants contend that the Complaint does not plausibly aver that Plaintiffs submitted a QWR to Nationstar. The Court agrees. Plaintiffs do not expressly allege any facts which permit this Court to infer that they had submitted a request that conforms to the QWR prerequisites. *See* ECF No. 1. Plaintiffs, for example, have not stated whether they submitted any written requests or that such requests substantively included a statement of reasons regarding any specific errors made to the Plaintiffs' account. Rather, Plaintiffs aver generally that RESPA compelled Nationstar to respond to a consumer's written request for information, to make corrections to a consumer's account, and that Nationstar failed to do so. *Id.* ¶¶ 16, 17. These bare legal allegations, couched as factual assertions, are insufficient to survive challenge. *Thomas*, 2017 WL 2645721, at *6 (citation omitted) ("[A] plaintiff fails plausibly to allege that his or her request sent to the servicer was a qualified written request."). Accordingly, this allegation must be dismissed.

The Court notes, however, that Plaintiffs have submitted an affidavit pursuant to Rule 56(d) of the Federal Rules of Civil Procedure in which counsel attests that "Plaintiffs provided communications reflecting inquiries concerning their mortgage account/servicing beginning December 16, 2017." ECF No. 13 ¶ 2. Counsel further attests: "It appears that Plaintiffs may not have the complete record of communications. The complete record is likely in the possession, custody and control of Defendant and I intend to seek the same during discovery."

*Id.* Because this motion is not one for summary judgment, but rather for dismissal which tests the sufficiency of the Complaint, the Court will not consider this affidavit. That said, the case is in its infancy, and Plaintiffs have not previously sought to amend the Complaint. The Court, accordingly, dismisses the RESPA Section 6(e)(1) Count without prejudice and subject to amendment to be filed within fourteen days of this Memorandum Opinion and Order. Should Plaintiffs amend their Complaint, the Court directs that in addition to providing sufficient factual allegations to support a RESPA Section 6(e)(1) claim, the Plaintiffs must plead each RESPA violation separately, in two discrete counts, rather than combined into one count as currently pleaded.

## IV. Conclusion

For the foregoing reasons, Nationstar's partial motion to dismiss (ECF No. 8) as predicated upon alleged violation of 12 U.S.C § 2605(e) is GRANTED, and the Section 6(e)(1) count is dismissed without prejudice to refile consistent with this Court's direction. A separate Order follows.

4/11/2019  
Date

/S/  
Paula Xinis  
United States District Judge